**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN FEDERAL DISTRICT OF VIRGINIA (RICHMOND DIVISION)**

**Rebecca Thornock**

Plaintiff,

v.

**INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY, OFFICE OF PERSONNEL MANAGEMENT, DEPARTMENT OF GOVERNMENT EFFICIENCY, OFFICE OF MANAGEMENT AND BUDGET, and Douglas O' Donnell, Russell Vought, Scott Bessent, Elon Musk, Steve Davis, and Charles Ezell in their official capacities**

Defendants.



**Case No.:** 3:25cv134 **_____**

## **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION**

### **INTRODUCTION**

Plaintiff Rebecca Thornock, a probationary employee of the Internal Revenue Service (IRS), moves for an **Emergency Temporary Restraining Order (TRO) and Preliminary Injunction** to halt her imminent and unlawful termination under the Trump administration's **mass firing directive**.

On **February 13, 2025**, the Trump administration, through the **Office of Personnel Management (OPM)**, ordered the **termination of all probationary employees** across

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN FEDERAL DISTRICT OF VIRGINIA (RICHMOND DIVISION)**

**Rebecca Thornock**

Plaintiff,

v.

**INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY, OFFICE OF PERSONNEL MANAGEMENT, DEPARTMENT OF GOVERNMENT EFFICIENCY, OFFICE OF MANAGEMENT AND BUDGET, and Douglas O' Donnell, Russell Vought, Scott Bessent, Elon Musk, Steve Davis, and Charles Ezell in their official capacities**

Defendants.

**Case No.: _____\***

## **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION**

### **INTRODUCTION**

Plaintiff Rebecca Thornock, a probationary employee of the Internal Revenue Service (IRS), moves for an **Emergency Temporary Restraining Order (TRO) and Preliminary Injunction** to halt her imminent and unlawful termination under the Trump administration's **mass firing directive**.

On **February 13, 2025**, the Trump administration, through the **Office of Personnel Management (OPM)**, ordered the **termination of all probationary employees** across

multiple federal agencies, including the IRS. Plaintiff, who has **performed her job well, with exceptional testing scores, and with no disciplinary record**, faces imminent termination **without cause, due process, or meaningful review**, solely as part of this **mass layoff of probationary employees**.

In addition to violating **5 U.S.C. § 2302(b)(1)** (prohibiting personnel actions based on political affiliation), this action **causes extreme prejudice** to Plaintiff's family and their **active litigation against a government entity**, specifically, **Thornock v. Bedford County, No. 3:25cv57** which is currently pending in this Court. Plaintiff's spouse, Riley Thornock, is the lead plaintiff in this federal lawsuit challenging governmental misconduct, and Plaintiff's termination would **directly impair their ability to continue pursuing justice**. Because the Plaintiff's spouse has filed for IFP status in this other lawsuit, but not in this one. It is important to note that the filing fee was paid by the Plaintiff's brother-in-law in an effort to preserve her employment without delay.

This Court should grant emergency relief because:
1. **Plaintiff faces immediate and irreparable harm** if terminated before the Court has a chance to review the legality of the action.
2. **The termination creates extreme prejudice in an active federal lawsuit**, indirectly retaliating against Plaintiff's spouse's ongoing legal challenge to government overreach.
3. **Public interest strongly supports halting politically motivated firings**, especially when they risk disrupting IRS operations during tax season.

Given the **severity of the harm and the urgency of the situation**, this Court should issue a **TRO immediately** and schedule a hearing on a **preliminary injunction at the earliest

possible date**.

---

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction under:

- 28 U.S.C. Â§ 1331 (federal question jurisdiction) because this case involves violations of federal statutes and constitutional protections,

- 5 U.S.C. Â§ 702 (Administrative Procedure Act) as Plaintiff challenges an arbitrary and capricious government action, and

- 28 U.S.C. Â§ 1361 (mandamus jurisdiction) because Plaintiff seeks relief against a federal official.

- Venue is proper in this District under 28 U.S.C. Â§ 1391(e) because:

2. Plaintiff resides in Richmond, Virginia and is employed at the IRS office in this jurisdiction,

3. Defendants operate within this jurisdiction, and

4. A substantial part of the events leading to Plaintiff's claims occurred within this District.

---

### **LEGAL STANDARD**

Under **Rule 65(b) of the Federal Rules of Civil Procedure**, a TRO may be granted **without notice** if:

1. **Immediate and irreparable harm will result before the opposing party can be heard**; and

2. The movant **certifies in writing the efforts made to notify the opposing party or explains

why notice should not be required**.

Plaintiff satisfies these requirements because termination is imminent, and **any delay in relief would result in irreversible damage**. Courts grant TROs in cases where government action **threatens constitutional rights, due process, or access to the courts**, all of which are implicated here.

---

### **RECENT FEDERAL COURT INJUNCTIONS AGAINST THESE LAYOFFS**
This Court is not acting in isolation. Multiple federal judges have already **halted similar mass terminations** due to **constitutional and procedural concerns**, including:
1. **Consumer Financial Protection Bureau (CFPB) Injunction** (Issued by U.S. District Judge Amy Berman Jackson)
   - Temporarily blocks further firings at the CFPB due to concerns over **due process violations** and **politically motivated dismissals**.
   - The ruling establishes that **mass terminations of probationary federal employees require judicial review** before implementation.
([politico.com](https://www.politico.com/news/2025/02/14/judge-halts-cfpb-firings-00204464?utm_source=chatgpt.com))

2. **USAID Injunction** (Issued by U.S. District Judge Rudolph Contreras)
   - Stops layoffs of probationary employees at **USAID**, citing **lack of individualized assessments** and **arbitrary decision-making**.
([nypost.com](https://nypost.com/2025/02/07/us-news/dc-judge-pauses-trump-effort-to-cut-thousands-from-usaids-workforce/?utm_source=chatgpt.com))

3. **Ongoing Union Lawsuits Against Mass Firings**

   - The **National Treasury Employees Union (NTEU)** has filed an emergency motion challenging the terminations of **Treasury Department employees, including IRS personnel**.
   - The **Plaintiff is among the employees affected by this exact policy**, meaning the legal arguments in that case are directly applicable here.
   ([nteu.org](https://www.nteu.org/media-center/news-releases/2025/02/13/LeadsUnionLawsuit?utm_source=chatgpt.com))

These rulings demonstrate that **judges across multiple jurisdictions recognize the need to halt these mass terminations** pending a full legal review

STANDING: Because Plaintiff is directly impacted by the same mass termination action that is currently being challenged by the National Treasury Employees Union, any ruling in favor of the Union's challenge would equally support Plaintiff's claim. The Court should not require Plaintiff to wait for union litigation to conclude when she faces immediate, irreparable harm today.

While the National Treasury Employees Union (NTEU) has filed litigation challenging these mass terminations, their claims are inherently limited because unions lack standing to assert individual due process violations on behalf of employees. The Supreme Court has repeatedly held that procedural due process claims must be brought by those directly affected. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (holding that standing requires a concrete and particularized injury).

Unlike the unions, Plaintiff has standing to challenge her specific due process violation, as she is an individual federal employee who received a termination notice without adequate notice or opportunity to respond, in direct violation of 5 C.F.R. § 315.804 & § 315.805. Because unions cannot assert this claim, Plaintiff's case is not duplicative of union litigation and warrants independent judicial review.

---

### **ARGUMENT**

#### **I. Plaintiff Will Suffer Immediate and Irreparable Harm**
Termination **before** the Court can rule on this motion would:
- **Permanently damage Plaintiff's career** by marking her employment record as "terminated," making future federal employment opportunities difficult to secure.
- **Eliminate her family's primary financial support**, critically affecting their ability to litigate **Thornock v. Bedford County**, a major federal lawsuit challenging governmental misconduct.
- **Chill Plaintiff's spouse's First Amendment right to petition the government** by making it impossible for him to continue litigation due to financial hardship.

The chilling effect of Plaintiff's termination extends beyond personal harm, it directly interferes with an active federal lawsuit challenging governmental misconduct. Courts have recognized that government action that disproportionately harms a party engaged in litigation may constitute First Amendment retaliation, particularly when the adverse action has no independent, legitimate justification. Federal courts have long recognized that

**retaliatory actions impacting a party's ability to litigate** may warrant **emergency injunctive relief** (*Crawford-El v. Britton*, 523 U.S. 574 (1998)). Here, the effect of the mass firings, if not directly retaliatory, has the **clear effect of chilling Plaintiff's ability to seek redress against the government**, warranting **immediate judicial intervention**.

---

#### **II. Plaintiff is Likely to Succeed on the Merits**
- **The mass termination directive is arbitrary and politically motivated**, violating **5 U.S.C. § 2302(b)(1)**, which prohibits federal employment actions based on political considerations.
- The **IRS has provided no individualized justification** for Plaintiff's termination, making the action **arbitrary and capricious** under the **Administrative Procedure Act, 5 U.S.C. § 706**.
- Recent judicial interventions in **mass federal terminations** (such as the **Consumer Financial Protection Bureau ruling**) suggest that **courts are willing to enjoin broad, politically motivated firings of civil servants**.

- Under 5 U.S.C. Â§ 706, the mass termination directive is arbitrary and capricious because it provides no individualized assessment of affected employees. Courts have routinely held that when a government agency implements a sweeping action without procedural justification, it violates the Administrative Procedure Act

---

#### **III. The Balance of Hardships and Public Interest Favor Granting a TRO**

- The **government faces no harm** if the Court temporarily halts the termination.

- **Plaintiff and her family will suffer irreversible harm** if her termination proceeds.

- **Public interest favors stopping politically motivated firings**, particularly at an agency as critical as the IRS during tax season.

---

#### **IV. Public Interest Considerations**

-** The IRS is already facing historic backlogs and workforce shortages, particularly during tax season. Removing qualified employees arbitrarily will harm taxpayers nationwide, further delaying services. Given this, enjoining Plaintiff's termination is not only in her personal interest but in the interest of millions of Americans relying on the IRS for timely processing of their returns.

---

#### **V. Due Process**

-**The denial of meaningful notice or individualized review constitutes a gross due process violation. Courts have held that even probationary employees are entitled to minimal procedural safeguards (Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)). Moreover, this termination interferes with the Thornock v. Bedford County litigation, creating a retaliatory chilling effect, whether intentional or not.

-**In Vanison v. OPM, 77 M.S.P.R. 173 (1998), the Merit Systems Protection Board ruled that even probationary employees cannot be terminated without compliance with regulatory

due process protections. The IRS's failure to provide adequate notice and an opportunity to respond renders the termination procedurally invalid and subject to reversal.

---

#### **VI. IRS Operations**

-**Unlike other agencies, the IRS plays a critical role in processing tax filings and enforcing tax laws. Mass firings of IRS employees, particularly during tax season, undermine public confidence in government operations and could result in millions of dollars in lost revenue due to delays. Given the unique role of the IRS, a temporary injunction preventing wrongful termination serves both Plaintiff and the broader public interest. Government Harm

The government suffers no irreparable harm if Plaintiff's employment continues while this Court reviews the legality of her termination. However, Plaintiff faces permanent harm if her termination proceeds. Maintaining the status quo while this case is litigated imposes no meaningful burden on Defendants.

#### **VII. Due Process Violations Render Termination Invalid**

-** Plaintiff asserts that any termination issued before this Court rules on the Temporary Restraining Order (TRO) must be deemed legally void due to a lack of procedural due process. Federal employment law requires specific procedures, including proper notice, an opportunity to be heard, and a chance to appeal. Plaintiff has not been afforded these protections, and any attempt to terminate her without them constitutes a violation of her

rights under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). Furthermore, the Office of Personnel Management (OPM) and Internal Revenue Service (IRS) must adhere to 5 U.S.C. § 7513, which governs adverse employment actions against federal employees. Failure to provide appropriate procedural safeguards before termination results in an unlawful and unenforceable dismissal. Accordingly, Plaintiff requests that this Court not only issue an injunction preventing termination but also declare that any termination issued before a ruling is void and Plaintiff must be reinstated immediately.

### **CONCLUSION**

Without immediate judicial intervention, the Plaintiff will be wrongfully terminated as early as February 20th, 2025, creating irreparable harm that cannot be undone post-termination. For the foregoing reasons, Plaintiff respectfully requests that this Court:
1. **Issue an immediate Temporary Restraining Order (TRO)** preventing her termination.
2. **Schedule an emergency hearing within 24-48 hours** to determine the necessity of a preliminary injunction.
3. **Grant any other relief that this Court deems just and proper**.
DATED: **2/18/2025**


Respectfully submitted,


Rebecca Thornock

**Pro Se Plaintiff**

3017 Mountain Rd,

Glen Allen, VA,

23060-2050

PO Box 843

919-800-8600

rmthornock@gmail.com

*Rebecca J Thornock*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__RICHMOND__ DIVISION

__REBECCA THORNOCK__
Plaintiff(s),

v.

Civil Action Number: _____

__IRS ET. ALL__
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of __EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION__
(Title of Document)

__REBECCA THORNOCK__
Name of Pro Se Party (Print or Type)

__Rebecca A Thornock__
Signature of Pro Se Party

Executed on: __2/20/2025__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)