UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA



**REBECCA THORNOCK,**

Plaintiff,

v.

**\*\*INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY, OFFICE OF PERSONNEL MANAGEMENT, DEPARTMENT OF GOVERNMENT EFFICIENCY, OFFICE OF MANAGEMENT AND BUDGET, and Douglas O' Donnell, Russell Vought, Scott Bessent, Elon Musk, Steve Davis, and Charles Ezell in their official capacities\*\***

Defendants.

CASE NO: 3:25cv134

# PLAINTIFF'S MOTION TO ACCEPT TEMPORARY RESTRAINING ORDER AS FILED ON FEBRUARY 19, 2025, DUE TO COURT CLOSURE AND CLERICAL REJECTION

COMES NOW the Plaintiff, REBECCA THORNOCK, Pro Se, and respectfully moves this Honorable Court to recognize that her Temporary Restraining Order (TRO) should be considered as filed on February 19, 2025, rather than February 20, 2025, due to extenuating circumstances beyond her control. Specifically, Plaintiff was unable to file on February 19 because the Court was closed due to a snowstorm and remained partially closed on February 20, 2025. When Plaintiff attempted to file the TRO later that day, the Clerk's Office improperly rejected it due to missing service addresses, despite the fact that service is not an absolute requirement for TROs under Federal Rule of Civil Procedure 65(b). In support of this motion, Plaintiff states the following:

I. INTRODUCTION
1. Plaintiff sought to file an **emergency Temporary Restraining Order (TRO) on February 19, 2025,** but was **prevented from doing so due to the Court's closure caused by severe weather.**
2. The Court remained partially closed for part of **February 20, 2025, further delaying Plaintiff's ability to submit her filing.**
3. When Plaintiff **finally gained access to the Clerk's Office on February 20, 2025, the filing was improperly rejected** on the grounds that she had not provided full service addresses for all named Defendants.
4. Plaintiff contends that this rejection was improper, as **Federal Rule of Civil Procedure

65(b)** explicitly allows for TROs to be issued **without notice** under emergency circumstances.

5. By **denying Plaintiff's ability to file based on a minor procedural issue,** the Clerk's Office **effectively prevented the Court from considering the emergency motion in a timely manner, further exacerbating the harm Plaintiff sought to prevent.**

II. LEGAL BASIS: THE TRO SHOULD BE CONSIDERED FILED ON FEBRUARY 19, 2025

6. **Federal Rule of Civil Procedure 6(a)(3)** states that when a **filing deadline falls on a day when the Court is closed, the filing is considered timely if submitted on the next business day the Court is open.**

7. Plaintiff attempted to file on the next available business day, **February 20, 2025**, but was **wrongfully denied access to the Court due to a clerical rejection that exceeded the Clerk's administrative authority.**

8. Because **Plaintiff had no control over the Court's closure on February 19, 2025, and because the Court was not fully accessible on the morning of February 20, 2025,** her TRO should be deemed as filed on February 19, 2025, for all legal purposes.

9. **Precedent exists for courts retroactively recognizing filing dates** when external circumstances—such as natural disasters or court closures—prevent a litigant from filing in a timely manner. In **Houston v. Lack, 487 U.S. 266 (1988),** the Supreme Court held that when a party is prevented from filing due to circumstances outside their control, their filing should be deemed timely as long as they attempted to file at the next available opportunity.

III. THE CLERK'S REJECTION WAS IMPROPER AND DENIED PLAINTIFF ACCESS TO EMERGENCY RELIEF

10. Under **Federal Rule of Civil Procedure 65(b), a TRO may be issued without notice** if

the movant shows that **immediate and irreparable harm will occur before the adverse party can be heard.**

11. The requirement for **full service addresses is therefore not a prerequisite for filing a TRO**, as the Court has the discretion to waive service when warranted.

12. By **refusing to accept the TRO based on a procedural issue that the Court should have decided**, the Clerk's Office overstepped its authority and **wrongfully prevented Plaintiff from seeking emergency relief.**

13. The **rejection of the filing directly prejudiced Plaintiff**, as she was unable to obtain judicial review before the anticipated harm—her termination—was executed. Furthermore, the rejection happened at the end of day on the 20th, seemingly because the clerk did not want to file it that late in the day.

14. Because the Court was **closed due to weather on February 19 and partially inaccessible on February 20, 2025,** Plaintiff's inability to file in a timely manner was **not due to any fault of her own.**

IV. IRREPARABLE HARM NECESSITATES IMMEDIATE RELIEF

15. Plaintiff has suffered **irreparable harm** by losing her employment **without due process**, which has caused **immediate financial harm, professional damage, and a loss of career eligibility within the federal government.**

16. Courts have recognized that **termination from federal employment is not just a financial loss but an injury that cannot be fully remedied later**, particularly when due process violations are involved. See **Sampson v. Murray, 415 U.S. 61 (1974),** which acknowledges that the loss of government employment presents unique harms beyond financial damages.

17. Without immediate relief, **Plaintiff may be permanently barred from reinstatement, lose crucial employment benefits, and suffer irreparable reputational harm** within her field.

18. **The balance of hardships favors Plaintiff,** as granting the TRO will simply maintain the status quo while litigation proceeds, whereas failure to grant relief **allows an unconstitutional termination to stand unchecked.**

V. REQUEST FOR RELIEF

19. Plaintiff respectfully requests that this Honorable Court:

   - **Recognize the TRO as having been filed on February 19, 2025, for all legal purposes, including its impact on Plaintiff's pending termination.**

   - **Override the Clerk's refusal and immediately review the TRO request in light of the urgency of Plaintiff's claims.**

   - **Grant any additional relief as the Court deems just and proper.**

WHEREFORE, Plaintiff respectfully requests that the Court accept her TRO filing as though it had been filed on February 19, 2025, override the Clerk's refusal, and proceed with an immediate review of the emergency motion.

Respectfully submitted,

**Rebecca Thornock, Pro Se**

February 20th, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__RICHMOND__ DIVISION

__REBECCA THORNOCK__
Plaintiff(s),

v.

Civil Action Number: _____

__IRS ET. ALL__
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of __MOTION TO ACCEPT TEMPORARY RESTRAING ORDER__
(Title of Document)

__REBECCA THORNOCK__
Name of Pro Se Party (Print or Type)

__Rebecca A Thornock__
Signature of Pro Se Party

Executed on: __2/20/2025__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)