UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA



REBECCA THORNOCK,

Plaintiff,

v.

**INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY, OFFICE OF PERSONNEL MANAGEMENT, DEPARTMENT OF GOVERNMENT EFFICIENCY, OFFICE OF MANAGEMENT AND BUDGET, and Douglas O'Donnell, Russell Vought, Scott Bessent, Elon Musk, Steve Davis, and Charles Ezell in their official capacities**

Defendants.

CASE NO: 3:25cv134

PLAINTIFF'S MOTION TO RECOGNIZE DELAYED FILING DUE TO COURT CLOSURE AND INVALID TERMINATION

COMES NOW the Plaintiff, REBECCA THORNOCK, Pro Se, and respectfully moves this

Honorable Court to recognize that her filing of this action on February 20, 2025, was unavoidably delayed due to the closure of the court on February 19, 2025, caused by a severe snowstorm. Plaintiff further requests that the Court acknowledge that her termination on February 20, 2025, was unlawful due to the lack of due process, rendering it invalid. In support of this motion, Plaintiff states the following:

I. FACTUAL BACKGROUND

1. Plaintiff fully intended to file her Complaint and Emergency Motion for a Temporary Restraining Order (TRO) with this Court on February 19, 2025, seeking to prevent her unlawful termination.

2. Due to a severe snowstorm affecting the Eastern District of Virginia, the courthouse was closed on February 19, 2025, preventing Plaintiff from filing her lawsuit as originally planned.

3. As a result, Plaintiff was forced to file on February 20, 2025, which is the same day that Plaintiff was terminated without due process.

4. Defendants' termination of Plaintiff was executed without following proper procedural safeguards, in direct violation of Plaintiff's due process rights under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).

5. The lack of due process, including the failure to provide Plaintiff with adequate notice and a meaningful opportunity to respond before termination, renders the firing **legally void and unenforceable.**

II. LEGAL BASIS FOR RECOGNIZING THE DELAYED FILING AND INVALID TERMINATION

6. Federal Rule of Civil Procedure 6(a)(3) provides that when a court is closed due to weather or other circumstances, a filing due on that day may be considered timely if filed on

the next available business day.

7. Courts routinely grant equitable relief in situations where external factors (such as natural disasters or court closures) prevent a litigant from filing as planned.

8. Had Plaintiff been able to file as intended on February 19, 2025, she could have secured emergency relief prior to her termination. The inability to do so has directly prejudiced her ability to prevent irreparable harm.

9. Additionally, because Plaintiff's termination was executed without following the required due process procedures, it must be deemed unlawful and reversed, as outlined in Plaintiff's TRO motion and addendum.

### III. Irreparable Harm Necessitates Immediate Relief

The Plaintiff has suffered irreparable harm by losing her employment without due process, directly impacting her ability to maintain financial stability, access necessary benefits, and continue her career in public service. Because government employment provides unique statutory protections, no post-termination remedies are sufficient to compensate for this wrongful termination. Immediate injunctive relief is necessary to prevent further harm resulting from this invalid termination.

Without intervention from this Court, Plaintiff's ability to seek reinstatement and legal recourse will be severely hindered. Courts have repeatedly recognized that the loss of government employment due to constitutional violations creates immediate, irreparable harm, justifying emergency relief.

Recent judicial rulings demonstrate that courts have intervened in similar cases where executive overreach resulted in unlawful terminations without due process. For example, in recent days, federal judges have temporarily reinstated government employees who were abruptly terminated under similar executive directives, such as the CIA officers and the Merit Systems Protection Board Chairwoman. These cases illustrate a judicial trend toward protecting federal employees from mass firings that fail to comply with due process requirements.

IV. REQUEST FOR RELIEF

10. Plaintiff respectfully requests that the Court formally acknowledge that her filing was intended for February 19, 2025, and was delayed solely due to the court closure.
11. Plaintiff further requests that the Court consider the timing of this filing when evaluating the urgency and irreparable harm caused by her termination.
12. Plaintiff asks this Court to acknowledge that her termination on February 20, 2025, was executed without proper due process and should therefore be deemed **null and void, necessitating immediate reinstatement**.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court recognize that her lawsuit and TRO motion were intended to be filed on February 19, 2025, and that the delay was caused solely by the court closure, not any delay on Plaintiff's part. Plaintiff also requests that the Court find that her termination was legally invalid due to a lack of due process and grant all relief necessary to restore her employment.

Respectfully submitted,

Rebecca Thornock, Pro Se

rmthornock@gmail.com

February 20th, 2025

*Rebecca J Thornock*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
___RICHMOND___ DIVISION

___REBECCA THORNOCK___
Plaintiff(s),

v.

Civil Action Number: _____

___IRS ET. ALL___
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of ___MOTION TO RECOGNIZE DELAYED FILING DUE TO COURT CLOSURE AND INVALID TERMINATION.___
(Title of Document)

___REBECCA THORNOCK___
Name of *Pro Se* Party (Print or Type)

___Rebecca J Thornock___
Signature of *Pro Se* Party

Executed on: ___2/20/2025___ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)