UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA



REBECCA THORNOCK,

Plaintiff,

v.

**INTERNAL REVENUE SERVICE, U.S. DEPARTMENT OF THE TREASURY, OFFICE OF PERSONNEL MANAGEMENT, DEPARTMENT OF GOVERNMENT EFFICIENCY, OFFICE OF MANAGEMENT AND BUDGET, and Douglas O' Donnell, Russell Vought, Scott Bessent, Elon Musk, Steve Davis, and Charles Ezell in their official capacities** Defendants.

CASE NO: 3:25cv134

PLAINTIFF'S MOTION TO CLARIFY THAT ADMINISTRATIVE EXHAUSTION IS NOT REQUIRED

COMES NOW the Plaintiff, REBECCA THORNOCK, Pro Se, and respectfully submits this Motion to Clarify that exhaustion of administrative remedies before the Merit Systems Protection Board (MSPB) is not required prior to seeking relief in this Court. In support of this motion, Plaintiff states as follows:

I. INTRODUCTION

1. Defendants may argue that Plaintiff is required to exhaust administrative remedies with the Merit Systems Protection Board (MSPB) before seeking relief in this Court.

2. However, this assertion is incorrect as a matter of law, as constitutional due process violations are subject to direct review in federal court.

3. Plaintiff's claim is not merely an employment dispute, but rather a constitutional challenge based on procedural due process violations under the Fifth Amendment of the United States Constitution.

II. FEDERAL LAW DOES NOT REQUIRE EXHAUSTION FOR CONSTITUTIONAL CLAIMS

4. The Supreme Court has consistently ruled that where a federal employee raises a constitutional claim, such as a due process violation, administrative exhaustion is not required before filing in federal court.

5. In Elgin v. Department of Treasury, 567 U.S. 1 (2012), the Court ruled that some employment-related disputes must go through the MSPB, but explicitly left open the possibility of constitutional claims proceeding directly in federal court.

6. The Supreme Court has repeatedly confirmed that exhaustion is not required when a plaintiff asserts a constitutional violation:

- Weinberger v. Salfi, 422 U.S. 749 (1975): Plaintiffs can bypass administrative review when challenging an unconstitutional government action.

- Mathews v. Eldridge, 424 U.S. 319 (1976): Due process violations warrant immediate judicial review.

- Bush v. Lucas, 462 U.S. 367 (1983): MSPB review is not the exclusive remedy for claims based on constitutional violations.

III. TROs AND INJUNCTIVE RELIEF DO NOT REQUIRE EXHAUSTION

7. A Temporary Restraining Order (TRO) is an extraordinary remedy designed to prevent immediate, irreparable harm.

8. The MSPB process is too slow to provide immediate relief, it does not grant TROs or injunctions.

9. Courts recognize that when an employee faces imminent harm, such as termination without due process, seeking emergency injunctive relief in federal court is appropriate.

10. Recent federal cases granting TROs to other federal employees further confirm this principle, including:

- The CIA officers' TRO blocking their termination
- The MSPB Chairwoman's reinstatement following a due process challenge

IV. DUE PROCESS VIOLATIONS MAKE ADMINISTRATIVE EXHAUSTION IRRELEVANT

11. Plaintiff's case is not about an ordinary termination appeal, it is about the denial of due process protections before being removed from federal employment.

12. The lack of notice, hearing, and opportunity to respond before termination renders the government's action void under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).

13. When an agency fails to provide a legally required process, courts have ruled that the termination itself is invalid and must be reversed.

V. CONCLUSION

14. This Court has jurisdiction to review Plaintiff's due process claims without requiring MSPB exhaustion.

15. Requiring exhaustion would effectively deny Plaintiff any meaningful remedy, as her termination has already occurred, and the MSPB lacks the power to grant immediate relief.

16. Plaintiff respectfully requests that the Court recognize her right to seek injunctive relief directly in federal court and reject any argument requiring prior MSPB review.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Acknowledge that Plaintiff's constitutional due process claims may be reviewed directly in federal court;

2. Confirm that exhaustion of MSPB remedies is not required in this case; and

3. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

*Rebecca J. Thornock*

Rebecca Thornock, Pro Se

rmthornock@gmail.com

1/20/2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
___RICHMOND___ DIVISION

___REBECCA THORNOCK___
Plaintiff(s),

v.

___IRS ET. ALL___
Defendant(s),

Civil Action Number: _____

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of ___MOTION TO CLARIFY THAT___.
(Title of Document)
ADMINISTRATIVE EXHAUSTION IS NOT REQUIRED.

___REBECCA THORNOCK___
Name of Pro Se Party (Print or Type)

___Rebecca J Thornock___
Signature of Pro Se Party

Executed on: ___2/20/2025___ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)