IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

REBECCA THORNOCK,

Plaintiff,



v.

INTERNAL REVENUE SERVICE, et al.,

Defendants.

Civil Action No. 3:25cv134

PLAINTIFF'S NOTICE OF RECENT AUTHORITY AND MOTION FOR EXPEDITED RULING IN LIGHT OF NEW PRECEDENT

INTRODUCTION

Plaintiff Rebecca Thornock respectfully submits this motion to notify the Court of new and highly relevant legal authority that directly impacts the pending motions before this Court. Specifically, on February 27, 2025, Judge William Alsup of the U.S. District Court for the Northern District of California issued an order in American Federation of Government

Employees et al. v. Office of Personnel Management, Case No. 3:25-cv-00400-WHA, blocking the mass termination of federal probationary employees due to violations of due process under federal law.

This ruling establishes a clear and persuasive precedent that the termination of probationary federal employees under the Trump administration's directives violates fundamental due process rights. Given that the facts of this case align closely with those adjudicated in AFGE v. OPM, Plaintiff requests an immediate expedited ruling on the pending Temporary Restraining Order (TRO) to prevent further irreparable harm.

BACKGROUND OF NEW PRECEDENT

In AFGE v. OPM, Judge Alsup's order unequivocally states that:

1. The Office of Personnel Management (OPM) directives leading to the mass termination of probationary employees exceeded its legal authority and failed to provide adequate procedural safeguards before termination.

2. The federal government failed to conduct individualized assessments before terminating employees, violating due process rights under 5 U.S.C. § 7511 and related provisions.

3. The lack of notice and opportunity to respond constitutes an unconstitutional deprivation of employment rights.

This ruling directly supports Plaintiff's claims that the government's actions in terminating her employment violated due process protections guaranteed under federal law.

ARGUMENT

1. THE COURT MUST CONSIDER THIS PERSUASIVE PRECEDENT IN ITS TRO DETERMINATION

- Given that AFGE v. OPM invalidates the OPM directives used to justify Plaintiff's termination, the Defendants' legal justification is now undermined.
- The failure to adhere to proper procedural safeguards renders the termination unlawful, mandating immediate relief through the TRO.

2. IMMEDIATE EXPEDITED RELIEF IS WARRANTED TO PREVENT FURTHER HARM

- The precedent reinforces that employees terminated under these directives face severe harm and due process violations.
- Every day Plaintiff remains terminated exacerbates the irreparable harm suffered due to unconstitutional government overreach.
- The government has offered no valid legal defense for proceeding with termination under a framework now invalidated by another federal court.

3. FAILURE TO ISSUE A PROMPT RULING WOULD UNDERMINE CONSISTENT APPLICATION OF FEDERAL LAW

- A delay in ruling on Plaintiff's TRO would create an inconsistent legal landscape, leading to disparate treatment of similarly situated federal employees.

- Courts across multiple jurisdictions are now recognizing the unlawfulness of these terminations, and this Court should follow suit.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an expedited ruling granting the Temporary Restraining Order (TRO) to reinstate her employment immediately. Additionally, Plaintiff requests that the Court take judicial notice of the ruling in AFGE v. OPM and apply its reasoning to this case without further delay.

Dated: February 28, 2025

Respectfully submitted,

*Rebecca J. Thornock*

Rebecca Thornock

Pro Se