UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION



Rebecca Thornock,

Plaintiff,

v.

Internal Revenue Service, et al.,

Defendants.

Case No. 3:25-cv-00134-JAG

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENSE COUNSEL FOR BAD-FAITH LITIGATION TACTICS, HARASSMENT OF A PRO SE LITIGANT, AND EQUITABLE TOLLING

Plaintiff Rebecca Thornock, acting pro se, respectfully moves this Court for sanctions against Assistant U.S. Attorney Robert P. McIntosh for engaging in bad-faith litigation tactics, procedural gamesmanship, harassment of a vulnerable litigant, and improper behind-the-scenes influence over the judicial process.

McIntosh's actions have intentionally obstructed the fair adjudication of this case, caused unnecessary delay, and exerted undue influence that appears to have resulted in the Court's unexplained failure to rule on an emergency motion. Plaintiff further asserts that equitable tolling is necessary to prevent further prejudice resulting from these tactics.

INTRODUCTION

Plaintiff is a mother of three children who was recently terminated from her employment under unlawful circumstances. Despite these challenges, Plaintiff is pursuing this litigation pro se due to financial hardship and the fundamental importance of her claims.

Rather than engaging with the legal merits of this case, McIntosh—acting on behalf of the United States government—has chosen to harass, demean, and obstruct a vulnerable litigant. His conduct is an abuse of power and violates the principles of fair litigation.

Defense counsel's bad-faith litigation tactics include:

• Repeated misrepresentations of deadlines and procedural obligations.

• False claims that Plaintiff failed to perfect service, despite full compliance.

• Artificial urgency and misleading assertions designed to induce procedural mistakes.

• Condescending and dismissive language intended to discourage Plaintiff from continuing pro se.

• Improper influence on the judicial process, as evidenced by the Court's unexplained delay on Plaintiff's Temporary Restraining Order (TRO).

McIntosh's actions serve no legitimate legal purpose and amount to harassment through procedural manipulation. The Court should not tolerate a government attorney exploiting procedural rules to bully an unemployed mother of three into procedural missteps.

Accordingly, Plaintiff requests that the Court impose sanctions, issue a formal reprimand, order McIntosh to cease further procedural obstruction, and apply equitable tolling to neutralize the prejudice caused by these tactics.

FACTUAL BACKGROUND

1. Defense Counsel's Pattern of Procedural Misrepresentation and Harassment

Defense counsel has engaged in a deliberate pattern of misleading statements and procedural misrepresentations, including:

• March 4, 2025, 10:47 AM Email:

  • McIntosh falsely claimed Plaintiff's filing was due "YESTERDAY" and demanded service "IMMEDIATELY," despite Plaintiff fully complying with the Court's order.

• This was a clear attempt to pressure Plaintiff into an unnecessary refiling, which could have led to a procedural defect.

- March 4, 2025, 12:19 PM Email:

    - McIntosh acknowledged service yet still suggested that Plaintiff's filing was "not responsive" to the Court's order.

- However, he then conceded that the U.S. was not prejudiced, proving his argument had no legitimate basis.

- March 4, 2025, 3:27 PM Email:

    - McIntosh refused to engage in a rebuttal and instead mockingly suggested that Plaintiff "seek competent legal counsel."

- This condescending tone was not an isolated incident, but rather part of a pattern of discouraging and intimidating a pro se litigant.

2. Defense Counsel's Behind-the-Scenes Manipulation of the Litigation Process

McIntosh's bad-faith litigation tactics extend beyond what is visible in the court record and into improper, behind-the-scenes efforts to delay and obstruct this case.

The most egregious evidence of this is the Court's unexplained delay in ruling on Plaintiff's Temporary Restraining Order (TRO). The TRO was filed as an emergency motion, yet despite its urgency:

- The Court has failed to issue a timely ruling.
- The defense has raised no legitimate technical or merit-based objections.
- No justification has been provided for the delay.

The only reasonable explanation is that defense counsel has engaged in improper, off-the-record influence to delay the ruling and manipulate the outcome of this case. Given McIntosh's documented pattern of bad-faith procedural tactics, false urgency, and procedural misrepresentations, it is reasonable to infer that his misconduct extends beyond what Plaintiff can directly observe.

MONETARY SANCTIONS REQUEST ($50,000+)

Plaintiff requests that the Court impose monetary sanctions in the amount of at least $50,000, calculated as follows:

1. Lost Wages Due to Delays ($8,600)

• Due to defense counsel's procedural misconduct, Plaintiff lost at least one month of earnings.

• Requested compensation: $8,600

2. Effective Attorney's Fees for Plaintiff's Time ($3,000)

• Plaintiff has spent at least 20 hours responding to McIntosh's bad-faith procedural tactics.

• Plaintiff's time should be valued equally to that of opposing counsel.

• Requested compensation: $3,000

3. Punitive Sanctions for Bad-Faith Litigation and Procedural Abuse ($25,000+)

• McIntosh's misconduct nullified Plaintiff's TRO request, protecting the government from judicial scrutiny.

• The Court has previously sanctioned attorneys for similar misconduct (See [Insert Case Citation]).

• Requested punitive sanction: $25,000 minimum

4. Sanctions for Due Process Violation: The Nullification of the TRO ($13,400+)

• The government obtained its desired outcome without a ruling, undermining due process.

• The delay had consequences beyond this case, shielding the government from broader liability.

• Requested sanction: $13,400 minimum

Total Monetary Sanctions Requested: $50,000+

REQUEST FOR RELIEF

Plaintiff respectfully requests:

1. $50,000+ in monetary sanctions against McIntosh for procedural abuse and due process violations.

2. A formal reprimand for bad-faith litigation tactics.

3. A directive requiring defense counsel to cease procedural obstruction.

4. Recognition that equitable tolling is warranted due to McIntosh's delay tactics.

5. Any other relief the Court deems just and proper.

CONCLUSION

McIntosh's conduct has harmed the integrity of these proceedings and placed an undue burden on Plaintiff. The requested sanctions are necessary to ensure fair litigation and deter future abuse of process.

*Rebecca J Thornock*

Respectfully submitted,

Rebecca Thornock

Pro Se Plaintiff

March 7th, 2025