

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**REBECCA THORNOCK,**

Plaintiff,

v.

**INTERNAL REVENUE SERVICE, et al.,**

Defendants.

Case # 3:25-cv-00134-JAG

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING RECENT FEDERAL COURT RULING ON PROBATIONARY EMPLOYEE REINSTATEMENT

TO THE HONORABLE COURT:

Plaintiff, Rebecca Thornock, proceeding pro se, respectfully submits this Notice of Supplemental Authority to bring to the Court's attention a significant legal development that directly impacts the present case.

I. INTRODUCTION

On March 13, 2025, in a related case involving the termination of federal probationary employees, U.S. District Judge William Alsup issued a preliminary injunction ordering the reinstatement of thousands of fired federal workers across multiple agencies, including the Department of the Treasury (which oversees the IRS).

This ruling directly undermines the Defendants' procedural and substantive arguments against Plaintiff's request for a Temporary Restraining Order (TRO) and injunctive relief, as well as their overall legal justification for the mass terminations.

II. SUMMARY OF JUDGE ALSUP'S ORDER

1. Reinstatement of Terminated Probationary Employees

• Judge Alsup ordered the immediate reinstatement of thousands of federal probationary employees who were wrongfully terminated.

• The ruling applies to multiple federal agencies, including the Department of the Treasury.

2. Rejection of the Government's "Status Quo" Argument

• The court explicitly rejected the argument that reinstating probationary employees would be disruptive to agency operations.

• This directly contradicts Defendants' claim in the present case that reinstatement would be an undue burden on the IRS.

3. Recognition of Procedural Violations and Misconduct

• Judge Alsup criticized the process used to terminate these employees, stating that many of them had positive evaluations and that the terminations were not properly reviewed or justified.

• This ruling strongly suggests that the terminations were pretextual and executed without due process.

III. IMPACT ON THE PRESENT CASE

This ruling dramatically alters the legal landscape and eliminates Defendants' primary defenses. The key implications for this case include:

1. The Government Can No Longer Argue That Reinstatement Is Unreasonable

• Defendants previously claimed that reinstating Plaintiff would disrupt agency operations and was not in the public interest.

• However, Judge Alsup's ruling directly contradicts this claim, establishing that reinstatement is legally appropriate and feasible.

2. This Court Should Take Judicial Notice of This Decision

• Under Federal Rule of Evidence 201, this Court may take judicial notice of publicly available court rulings that bear directly on the issues at hand.

• Plaintiff requests that this Court consider Judge Alsup's decision as persuasive authority supporting Plaintiff's claims.

3. Plaintiff's Claims Warrant Expedited Consideration

• Given that other terminated probationary employees are now being reinstated by court order, Plaintiff is entitled to the same relief.

• The delay in adjudicating Plaintiff's claims is now even more harmful, as similarly situated employees have already been granted relief.

IV. REQUEST FOR RELIEF

In light of this new legal authority, Plaintiff respectfully requests that the Court:

1. Take judicial notice of Judge Alsup's order as persuasive authority in this case.

2. Grant expedited consideration of Plaintiff's pending motions for injunctive relief.

3. Order Defendants to provide an immediate response detailing whether they intend to comply with Judge Alsup's ruling and reinstate Plaintiff.

4. Alternatively, set an expedited hearing on this matter to determine whether injunctive relief is now appropriate given the changed legal landscape.

V. CONCLUSION

Judge Alsup's ruling fundamentally changes the analysis of this case, as it eliminates Defendants' primary arguments against reinstatement and injunctive relief.

Plaintiff therefore urges this Court to act swiftly in granting relief, as the continued delay disproportionately harms Plaintiff while other employees in similar circumstances are already being reinstated.

Respectfully submitted,

*Rebecca J Thornock*

Rebecca Thornock

Pro Se Plaintiff

March 14th, 2025