UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA



REBECCA THORNOCK,

Plaintiff,

v.

INTERNAL REVENUE SERVICE, et al.,

Defendants.

Case No.: 3:25-cv-00134-JAG

PLAINTIFF'S MOTION FOR A TEMPORARY INJUNCTION TO BLOCK DEFENDANTS FROM TERMINATING PLAINTIFF UNDER THE PENDING REDUCTION IN FORCE (RIF)

Plaintiff Rebecca Thornock, by and through her pro se representation, respectfully moves this Court to issue a temporary injunction prohibiting Defendants from terminating Plaintiff's employment through the pending Reduction in Force (RIF) until full discovery and

judicial oversight can ensure that the RIF is not being used as a pretext for unlawful retaliation.

I. INTRODUCTION

Plaintiff was wrongfully terminated by Defendants and has since been reinstated pursuant to this Court's Preliminary Injunction. However, recent reports confirm that the IRS is planning a Reduction in Force (RIF) affecting nearly 50% of its workforce—approximately 45,000 employees (AP News).

Given the extraordinary scale of these layoffs and Defendants' history of retaliatory behavior, Plaintiff has reason to believe that Defendants may attempt to use the RIF as a pretext for targeting her employment once again—directly circumventing this Court's Preliminary Injunction.

Plaintiff, therefore, seeks a temporary injunction blocking Defendants from including her in the RIF until full discovery and court supervision confirm that:

1. The RIF is not being used as a retaliatory mechanism against Plaintiff or other reinstated employees.

2. Plaintiff was not singled out for termination as a way to sidestep this Court's previous order.

3. Defendants have not improperly influenced or manipulated the RIF process to undermine Plaintiff's reinstatement.

## II. LEGAL STANDARD FOR INJUNCTIVE RELIEF

To obtain a temporary injunction, Plaintiff must demonstrate:

1. A likelihood of success on the merits.

2. Irreparable harm in the absence of relief.

3. That the balance of equities favors Plaintiff.

4. That granting relief serves the public interest.

(Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008)).

Here, each factor strongly supports issuing an injunction to prevent Defendants from terminating Plaintiff under the pretense of a "neutral" RIF.

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff has already succeeded in obtaining a Preliminary Injunction against Defendants, demonstrating that her termination was unlawful. Now, Defendants face another legal barrier—they cannot circumvent that ruling by using the RIF as an alternative justification to remove her.

Courts have held that mass layoffs do not absolve employers of their legal duty to avoid unlawful retaliation (EEOC v. Lockheed Martin Corp., 444 F. Supp. 2d 414, 417 (D. Md. 2006)). Plaintiff's continued employment is protected by this Court's previous ruling, and Defendants cannot repackage their retaliatory actions under the guise of a broad workforce reduction.

Key Point: Defendants must prove that the RIF was applied neutrally, not selectively to Plaintiff. Until that proof is established through discovery, an injunction is necessary.

B. Plaintiff Will Suffer Irreparable Harm Without Court Intervention

If Plaintiff is included in the RIF, she will:

• Lose her job and livelihood, despite her court-ordered reinstatement.

• Face an uphill battle in regaining her position if Defendants later claim that the RIF was "unavoidable."

- Be subjected to continued retaliation and procedural delays that could permanently disrupt her career.

In Morris v. McCarthy, the D.C. Circuit ruled that wrongful termination constitutes irreparable harm, particularly when it disrupts career trajectory (825 F.3d 658, 666 (D.C. Cir. 2016)).

Key Point: A RIF-based termination is permanent, and without an injunction, Plaintiff will have no meaningful remedy.

C. The Balance of Equities Favors Plaintiff

Defendants will suffer no harm if this injunction is granted. The IRS has tens of thousands of employees affected by the RIF, and blocking the termination of one individual will not meaningfully impact their workforce restructuring.

In contrast, denying this injunction will cause devastating harm to Plaintiff.

Key Point: Preventing retaliation outweighs any administrative inconvenience to Defendants.

D. Granting Relief Serves the Public Interest

The public interest is always served when courts enforce judicial orders and prevent government retaliation. As the IRS has already come under scrutiny for its handling of mass firings, allowing Plaintiff to be terminated would erode public trust in fair labor practices within the federal government.

Key Point: Courts have a duty to ensure that agencies do not abuse power under the cover of bureaucratic actions.

IV. REQUESTED RELIEF

Given the imminent threat of wrongful termination through the pending RIF, Plaintiff respectfully requests that this Court:

1. Issue a temporary injunction barring Defendants from terminating Plaintiff's employment through the RIF until full discovery and court oversight confirm the legitimacy of the RIF process.

2. Order Defendants to disclose, within 7 days, whether Plaintiff has been selected for termination and the justification for such a decision.

3. Place the RIF process under judicial oversight to prevent Defendants from circumventing this Court's prior rulings.

V. CONCLUSION

Defendants cannot be allowed to sidestep judicial authority by rebranding retaliation as part of a broader mass layoff. Given the scale of the RIF and Defendants' history of bad faith conduct, an injunction is necessary to ensure that this process is not being weaponized against Plaintiff.

For these reasons, Plaintiff urges the Court to grant this motion in full.

Respectfully submitted,

*Rebecca J Thornock*

Rebecca Thornock

Pro Se Plaintiff

March 24th, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
__Richmond_____ DIVISION

Rebecca Thornock
_____
          Plaintiff(s),

          v.

                                        Civil Action Number: __3:25-cv-00134-JAG_____

IRS et al
_____
          Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted me in the preparation of __PLAINTIFF'S MOTION FOR A TEMPORARY INJUNCTION TO__
                                                                              **(Title of Document)**
                                                              BLOCK DEFENDANTS FROM TERMINATING PLAINTIFF UNDER
                                                              THE PENDING REDUCTION IN FORCE (RIF)

Rebecca Thornock
_____
Name of *Pro Se* Party (Print or Type)

*Rebecca J Thornock* (signature)
_____
Signature of *Pro Se* Party

Executed on: __March 24th, 2025___ (Date)

                              **OR**

The following attorney(s) prepared or assisted me in preparation of _____.
                                                                        **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)