IN THE UNITED STATES DISTRICT COURT

FOR THE RICHMOND DIVISION

Rebecca Thornock,

Plaintiff,

v.

Internal Revenue Service, et al.,

Defendants.



Case No. 3:25-cv-00134-JAG

**SECOND ADDENDUM TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION**

In Light of April 7, 2025 "Fork in the Road" Letter Confirming Active RIF Process

Plaintiff, Rebecca Thornock, respectfully submits this Second Addendum to her Supplemental Motion for Preliminary Injunction in light of newly released documentation from the Internal Revenue Service ("IRS") dated April 7, 2025, confirming that the agency is

actively proceeding with a Reduction in Force ("RIF") process that directly threatens Plaintiff's employment status and constitutional rights.

## I. THE APRIL 7 LETTER REVEALS IMMINENT AND IRREVERSIBLE HARM

On April 7, 2025, the IRS issued a second "fork in the road" communication outlining its final round of voluntary separation programs under the RIF process, including the Deferred Resignation Program (DRP 2.0), Voluntary Separation Incentive Payments (VSIP), and Voluntary Early Retirement Authority (VERA).

The agency's letter clarifies that:

- Employees who do not enroll in either DRP or VSIP by April 14, 2025, are at risk of involuntary termination through the ongoing RIF;
- Employees who submit a signed agreement will receive administrative leave through September 30, 2025, but may be released as early as May 31, 2025, depending on the program selected;
- Enrollment is final and irrevocable for VSIP participants, who are expressly denied the right to revoke their decision;

- Employees may be terminated via RIF before their agreement is processed if it is not signed in time, creating an extreme procedural hazard;
- Once signed, employees are removed from their competitive area, but failure to act leaves them exposed to RIFs within a single pay period.

This adds a layer of clear, calendared urgency not previously present in the record.

## II. THE RULING IN NTEU v. Trump IS NOW FULLY APPLICABLE

As discussed in Plaintiff's prior addendum, the U.S. District Court for the District of Columbia granted a Preliminary Injunction in NTEU v. Trump, Case No. 1:24-cv-04425 (D.D.C.), based on similarly sweeping executive branch actions that threatened the due process rights and job security of federal employees. In that case, the court explicitly acknowledged that prospective termination under a flawed and coercive administrative process constitutes irreparable harm, even for probationary employees.

The April 7 IRS letter now fully aligns Plaintiff's case with NTEU v. Trump:

- Plaintiff is again facing loss of employment within weeks;

- She is being coerced into a forced decision between "voluntary" separation and uncertain RIF outcomes;

- As a probationary employee, her position remains uniquely vulnerable;

- And as a reinstated employee still under litigation, she is being required to act under conditions of duress during active judicial review.

## III. THIS COURT'S PRIOR GROUNDS FOR RELIEF ARE NO LONGER SUFFICIENT

This Court previously granted a Preliminary Injunction on limited grounds, citing alignment with other courts' reinstatement orders rather than making an affirmative finding on the merits of Plaintiff's case.

However, the current situation exceeds those prior facts and requires immediate expansion of protection. The newly disclosed April 7 letter demonstrates that reinstatement alone is insufficient to protect Plaintiff from further harm. Without expanded injunctive relief, Plaintiff remains subject to removal under a new round of executive actions now documented and in motion.

## IV. REQUEST FOR EMERGENCY HEARING

Given the imminent enrollment deadlines (April 14) and termination risks as early as May 31, Plaintiff respectfully requests that the Court grant an emergency hearing to consider this matter before April 14, 2025, or issue expanded injunctive relief based on this Addendum and the attached documentation.

## V. CONCLUSION

Plaintiff does not make this request lightly. However, the facts presented in the April 7 "fork in the road" letter confirm that Plaintiff now faces renewed and imminent harm, and that continued litigation without court protection may soon be rendered moot through administrative termination.

Plaintiff respectfully urges this Court to:

1. Take judicial notice of the April 7, 2025 IRS letter regarding DRP 2.0, VSIP, and RIF implementation;

2. Expand the scope of the preliminary injunction to protect Plaintiff from all adverse employment actions, including separation under the ongoing RIF;

3. Grant an emergency hearing or issue injunctive relief before April 14, 2025.

Respectfully submitted,

Rebecca Thornock     *Rebecca J Thornock*

Pro Se Plaintiff

Dated: April 8, 2025