IN THE UNITED STATES DISTRICT COURT

FOR THE RICHMOND DIVISION



Rebecca Thornock,

Plaintiff,

v.

Internal Revenue Service, et al.,

Defendants.

Case No. 3:25-cv-00134-JAG

# PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION REGARDING DENIAL OF FIRST AMENDED COMPLAINT AND FAILURE TO DOCKET SECOND AMENDED COMPLAINT

Plaintiff respectfully moves this Court for reconsideration and clarification of two related procedural matters: (1) the Court's denial of Plaintiff's First Amended Complaint filed on March 31, 2025, and (2) the Clerk's refusal to formally docket the Second Amended Complaint submitted on April 7, 2025. Plaintiff believes that both actions have undermined

the integrity of the case's procedural posture and may jeopardize the ability to proceed on the merits.

Plaintiff respectfully questions whether the Court's summary denial of the Motion for Clarification may reflect an attempt to avoid addressing the procedural gap left by the absence of an operative complaint. If so, this raises concern that the denial of Plaintiff's Amended Complaint may have been motivated not by its legal deficiencies, but by an intent to insulate the Court's earlier rulings from scrutiny.

If the denial of Plaintiff's Amended Complaint was based on the Court's awareness of a procedural deficiency resulting from the lack of an operative complaint, Plaintiff respectfully asks whether the Court's intent was to preserve that defect as a potential basis for dismissal at summary judgment—rather than resolve it on the merits.

## Background

1. On February 23, 2025, this Court granted a preliminary injunction restoring Plaintiff's employment. The injunction was granted following the Plaintiff's Emergency TRO motion, which served as the substantive basis for the Court's ruling, despite no formal complaint being on file at the time.

2. On March 31, 2025, Plaintiff filed a First Amended Complaint intended to serve as the operative complaint. The Court denied this filing, stating that the preliminary injunction was not based on a finding of likelihood of success or irreparable harm, but rather on the fact that other courts had reinstated similar plaintiffs.

3. On April 7, 2025, within 21 days of serving additional defendants, Plaintiff submitted a Second Amended Complaint as a matter of right under Rule 15(a)(1)(A). The Clerk's Office refused to docket it formally, entering it only as a docket annotation.

4. At no point has a formal complaint with substantive claims and legal theories been properly docketed, leaving the case procedurally unstable and the Plaintiff unable to access full discovery rights or pursue full relief.

**Legal Basis**

5. Under Rule 3, a civil action is commenced by the filing of a complaint. Plaintiff's initial submission did not include a statement of claim or request for relief and cannot constitute a valid complaint under the Rules.

6. Plaintiff's March 31 filing, though labeled an 'Amended Complaint,' was in fact the first operative pleading. Its denial without recognition of this fact was improper.

7. Even if that denial were sustained, Plaintiff's April 7, 2025 Second Amended Complaint was filed as of right under Rule 15(a)(1), within 21 days of serving newly added parties, and must be docketed as the operative complaint.

8. The failure to docket this complaint deprives Plaintiff of the ability to proceed on the merits, access discovery, and protect constitutional and statutory rights affirmed by the Court's preliminary injunction order.

**Relief Requested**

Plaintiff respectfully requests that the Court:

(1) Reconsider its denial of the First Amended Complaint in light of the procedural irregularities;

(2) Clarify whether it recognized that no operative complaint existed at the time of denial;

(3) Formally direct the Clerk to docket Plaintiff's Second Amended Complaint, filed on April 7, 2025, as the operative pleading; and

(4) Confirm that Plaintiff may proceed under that pleading for discovery and adjudication purposes.

Respectfully submitted,

Rebecca Thornock

Pro Se Plaintiff

Dated: April 8th, 2025