IN THE UNITED STATES DISTRICT COURT

FOR THE RICHMOND DIVISION



Rebecca Thornock,

Plaintiff,

v.

Internal Revenue Service, et al.,

Defendants.

Case No. 3:25-cv-00134-JAG

## PLAINTIFF'S MOTION TO COMPEL ACCEPTANCE OF FIRST AMENDED COMPLAINT

Plaintiff respectfully moves this Court to compel the Clerk's Office to accept for docketing and recognition the First Amended Complaint, submitted on April 7, 2025, under the rights provided by Federal Rule of Civil Procedure 15(a)(1).

## I. TIMELY AMENDMENT UNDER RULE 15

Under Rule 15(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or Rule 12 motion, whichever is earlier.

The Plaintiff served additional parties in this action on April 7, 2025. The Amended Complaint was submitted that same day and therefore falls squarely within the 21-day window permitted by Rule 15. This amendment did not require leave of the Court and should have been docketed accordingly without challenge or delay.

## II. NECESSITY OF A VALID COMPLAINT UNDER RULE 3

Federal Rule of Civil Procedure 3 clearly states: 'A civil action is commenced by filing a complaint with the court.' The Plaintiff notes that the only filing on record serving as the operative complaint at the time of the Preliminary Injunction was a Temporary Restraining Order (TRO) motion, which did not satisfy the formal requirements or structure of a complaint.

Because no operative complaint was on file, and the Court previously denied the Plaintiff's earlier attempt to amend on March 31, this new filing of April 7 was both procedurally necessary and functionally the Plaintiff's first valid complaint. As such, the Clerk's Office must docket it formally under both the right to amend and to comply with Rule 3's mandate for the commencement of an action.

## III. PREJUDICE TO PLAINTIFF AND JUDICIAL DUTY TO AID PRO SE LITIGANTS

Plaintiff is proceeding pro se and has made every effort to comply with procedural rules and filing deadlines. The Clerk's Office refusal to file the amended complaint—based on a

misinterpretation of the rules or deference to prior denials—has the potential to cause substantial prejudice and procedural collapse of the action.

Moreover, the Court has a recognized duty to assist pro se litigants in navigating complex procedural rules. Failing to recognize a timely amendment—especially one that corrects a foundational procedural deficiency—runs contrary to both the spirit and the structure of federal law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order the Clerk's Office to accept the April 7, 2025, Amended Complaint as the operative complaint of record in this matter. The amendment was timely under Rule 15(a)(1) and essential under Rule 3 to formally commence and sustain this litigation.

Respectfully submitted,

Rebecca Thornock        *Rebecca J Thornock*

Pro Se Plaintiff

Dated: April 8th, 2025