IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

REBECCA THORNOCK,
        Plaintiff,

v.                                              Civil Action No. 3:25cv134

INTERNAL REVENUE SERVICE, *et al.*,
        Defendants.

## **ORDER**

This matter comes before the Court on various motions filed by the plaintiff, Rebecca Thornock: (1) a motion to preserve public confidence in the Court's neutrality and integrity, (ECF No. 49); (2) a motion for reconsideration and clarification regarding denial of first amended complaint and failure to docket second amended complaint, (ECF No. 50); and (3) a motion to compel acceptance of first amended complaint, (ECF No. 52).

Addressing the latter two motions first, Thornock asks the Court to direct the Clerk to docket her Amended Complaint filed on April 7, 2025. (ECF Nos. 50, 52.) The Court had already done so before Thornock filed these motions and deemed the April 7, 2025 Amended Complaint the operative complaint in this matter. (*See* ECF No. 42.) Accordingly, the Court DENIES AS MOOT Thornock's motion for reconsideration and motion to compel acceptance. (ECF Nos. 50, 52.)

Thornock also filed a motion to preserve public confidence in the Court's neutrality and integrity wherein Thornock criticizes the Court regarding its decisions in this matter. (ECF No. 49.) Beyond asking the Court, again, to accept and docket her April 7, 2025 Amended Complaint which the Court had already done before Thornock's motion, the Court cannot identify a request

for other meaningful relief among Thornock's aspersions. The Court, therefore, DENIES Thornock's motion to preserve public confidence. (ECF No. 49.)

As a note, in its March 17, 2025 Order, the Court stated that, should any party use artificial intelligence to prepare any filing, they must identify that they have used artificial intelligence in the filing and certify that they have reviewed all citations for accuracy. (ECF No. 24.) Thornock's filings since that Order evidence[1] the use of artificial intelligence. Yet, she has consistently failed to identify that she has used artificial intelligence in her filings and has not certified that she reviewed her citations for accuracy. Indeed, several citations presented to the Court in various filings have been incorrect. As such, the Court DIRECTS Thornock to comply with its provisions regarding artificial intelligence outlined in its March 17, 2025 Order if she chooses to use such technology to create her filings. The Court warns the parties that failure to comply with this requirement in the future may result in sanctions.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and to Thornock, the *pro se* plaintiff.

Date: 10 April 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[1] For example, in her addendum and second addendum to supplement her motion for a preliminary injunction, (ECF Nos. 47, 48), Thornock cites a case name and number that does not exist. Thornock refers to Judge Amy Berman Jackson's Consumer Financial Protection Bureau case as *National Treasury Employees Union v. Trump*, Case No. 1:24cv04425. The correct case name and number is *National Treasury Employees Union v. Vought*, Case No. 1:25cv381.

Additionally, in Exhibit A to her motion to compel good faith settlement discussions, Thornock provides a screenshot of her Wix blog account where she encourages other *pro se* plaintiffs to "fight back against government overreach." (ECF No. 36-1.) On that page Thornock writes "Pro Tip 1: Since every case is unique, we recommend you plug our template into ChatGPT or any AI system to customize it for your specific needs." (*Id.*)