IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA



Rebecca Thornock,

Plaintiff,

v.

Internal Revenue Service, et al.,

Defendants.

Case No. 3:25-cv-00134-JAG

# MOTION FOR SANCTIONS DUE TO IMPROPER EX PARTE CONDUCT AND PRESERVATION OF JUDICIAL INTEGRITY

NOW COMES the Plaintiff, Rebecca Thornock, and respectfully moves this Court to impose sanctions and take corrective action in light of conduct that has undermined the appearance of fairness and due process in these proceedings.

## I. BASIS FOR MOTION

On April 23, 2025, the Court held a hearing at which Plaintiff had filed formal notice of non-appearance. Despite that notice, the Court conducted a 12-minute proceeding, as

documented in ECF No. 74, without the Plaintiff's presence or participation. Defense counsel, Robert McIntosh, was in attendance, as confirmed by the appearance log. This constitutes a one-sided proceeding, raising serious questions of procedural fairness and judicial neutrality.

Earlier that same morning, McIntosh emailed the Plaintiff asserting there had been no improper communication between defense and the Court. That statement now appears directly contradicted by the Court's documented 12-minute session, which included McIntosh alone and resulted in a series of adverse rulings against Plaintiff.

Despite defense counsel's repeated denial of any improper conduct, as late as April 24 he submitted boilerplate privilege walls to shield basic questions about procedural fairness and contact with the Court. This filing was made after counsel attended a 12-minute, one-sided hearing in violation of the Plaintiff's due process rights and following a formal non-appearance. These contradictions underscore the need for monetary sanctions, transparency, and judicial possible recusal.

## II. REQUESTED SANCTIONS

Plaintiff requests the following relief:

1. 1. Monetary sanctions in the amount of $100,000, payable to Plaintiff, for the cost of ongoing harm, emotional distress, reputational damage, and the burden of pursuing appellate relief due to compromised due process.
2. 2. Production of a full transcript of the April 23, 2025 hearing as recorded in ECF No. 74.
3. 3. A written explanation from defense counsel outlining what was discussed during the hearing.

4. 4. An acknowledgment by the Court that continued proceedings of this nature will result in Plaintiff formally seeking recusal under 28 U.S.C. § 455.

## III. CONCLUSION

When judicial proceedings become so predictably hostile to one party that they contradict their own procedural posture, it ceases to be adjudication and becomes manipulation. This motion is not only about redress but about preserving what integrity remains in these proceedings.

WHEREFORE, Plaintiff respectfully requests the Court grant the above relief.

Respectfully submitted,

Rebecca Thornock    *Rebecca J Thornock*

Pro Se Plaintiff

April 25th, 2025