IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

REBECCA THORNOCK,
         Plaintiff,

v.                                                                 Civil Action No. 3:25cv134

INTERNAL REVENUE SERVICE, *et al.*,
         Defendants.

## ORDER

This matter comes before the Court on three motions filed by the plaintiff, Rebecca Thornock: (1) a motion to preserve appellate rights and notice of constitutional violations; (2) a motion for recusal; and (3) a motion to stay proceedings pending resolution of the decision on the motion for recusal. (ECF Nos. 101, 102, 103.)

Regarding Thornock's first motion, the Court notes Thornock's objections on the record, many of which she has repeatedly raised in earlier filings. Thornock does not need to specifically object to the Court's adverse rulings against her. Moving forward, the Court presumes that Thornock does not agree with any denials of her motions. Additionally, the Court has not limited her appellate rights, and nothing precludes Thornock from including any of these issues in her appeal to the United States Court of Appeals for the Fourth Circuit at the appropriate time. Accordingly, the Court DENIES Thornock's motion to preserve appellate rights. (ECF No. 101.)

Regarding Thornock's motion for recusal, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). "[B]oth § 455(a) and § 455(b)(1) carry an 'extrajudicial source' limitation," meaning that any "bias or prejudice must ... stem from 'a source outside the judicial proceeding at hand' in order to disqualify a

judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545 n.1 (1994)). Any "judicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,' almost 'never constitute a valid basis for a bias or partiality motion.'" *Id.* at 573 (quoting *Liteky*, 510 U.S. at 555). "Likewise, judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.* (quoting *Liteky*, 510 U.S. at 555).

Beyond her criticisms of how the Court has handled her case, Thornock presents no "source outside the judicial proceeding at hand" to support the Court recusing itself in this matter. *Id.* at 572. Accordingly, the Court DENIES Thornock's motion for recusal, (ECF No. 102), and DENIES AS MOOT her motion to stay pending the decision on the motion for recusal, (ECF No. 103).

As a note, Thornock filed a motion of intent to file an interlocutory appeal in the event that the Court denied her motion for recusal. (ECF No. 104.) The Court does not believe that its denial of the motion for recusal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Nevertheless, the Court acknowledges the notice.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and to Thornock.

Date: 29 April 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge